UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. YOUNGBLOOD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PBSP WARDEN, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-07119-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, a California prisoner at Corcoran State Prison, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against officials at Pelican Bay State Prison ("PBSP"), where Plaintiff was formerly housed.[1] Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is dismissed with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 5.)

statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff sues Dr. Cooper and seven unnamed officials at PBSP based on their failure to protect him from two attacks by fellow inmates, and their failure to provide him with adequate medical care for injuries he sustained in those attacks. These events are alleged to have taken place in 1994, approximately 22 years prior to the filing of this action.

It appears from these allegations that Plaintiff's claims are barred by the statute of limitations. Section 1983 does not contain its own limitations period, but the appropriate period is that of the forum state's statute of limitations for personal injury torts. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Under California law, an inmate has a maximum of four years to bring a § 1983 claim for damages in California, consisting of the regular two-year period plus two years during which accrual is postponed due to the disability of imprisonment. *See* Cal. Code Civ. P. §§ 335.1, 352; *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004) (two-year period set forth at California Civil Procedure Code § 335.1 is applicable statute in § 1983 actions); *Fink v. Shedler*, 192 F.3d 911, 916-17 (9th Cir. 1999) (imprisonment delay accrual of cause of action for maximum of two years). No other grounds for tolling or delaying accrual of the statute of limitations appear from the face of the complaint or its attachments. As a result, it appears that the

limitations period for Plaintiff's claims against Dr. Cooper and the other PBSP officials expired long before he filed this action.

The statute of limitations may be grounds for sua sponte dismissal under 28 U.S.C. § 1915 where the defense is complete and obvious from the face of the pleadings or the court's own records. *Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984). Before dismissing the action, however, a federal court should give a plaintiff, especially a *pro se* plaintiff, an opportunity to allege facts defeating the statute-of-limitations defense. *Sharkey*, at 768. Accordingly, Plaintiff is granted leave to file an amended complaint in which he alleges, if he can do so in good faith, facts which would render his claims against Defendants timely.

Plaintiff also makes a number of allegations about events that occurred at Corcoran State Prison and Atascadero State Hospital after he left PBSP. He only lists PBSP officials as Defendants, however, so it does not appear that he means to assert claims based upon those events. If he does wish to bring claims against officials at Corcoran or Atascadero about the conditions of his confinement at those institutions, this Court is not the proper venue for such claims. Rather, he must bring such claims in the Eastern District of California, which is the district in which Corcoran is located, or the Central District of California, the district in which Atascadero is located. *See* 28 U.S.C. § 1391(b).

**CONCLUSION**

1. The complaint is dismissed with leave to amend. Plaintiff shall file an amended complaint within **twenty eight (28) days from the date this order is filed**. The amended complaint **must** include the caption and civil case number used in this order (No. C 16-7119 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action.</u>

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

3

informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion, although he may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 24, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge