UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. YOUNGBLOOD,<br><br>    Plaintiff,<br><br>    v.<br><br>PBSP WARDEN, et al.,<br><br>    Defendants. | Case No. 16-cv-07119-JSC<br><br>**ORDER OF DISMISSAL** |

       Plaintiff, a California prisoner at Corcoran State Prison, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against officials at Pelican Bay State Prison ("PBSP"), where Plaintiff was formerly housed.[1] Plaintiff claimed that in 1994, PBSP officials had failed to protect him from being hurt by other inmates and had not provided adequate medical care for his injuries. The Court reviewed the complaint under 28 U.S.C. § 1915A(a) and found that Plaintiff's claims as alleged were untimely because a California inmate has a maximum of four years to bring claims under Section 1983 from the time he learns of the events giving rise to such claims. *See* Cal. Code Civ. P. §§ 335.1, 352; *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004) (two-year period set forth at California Civil Procedure Code § 335.1 is applicable statute in § 1983 actions); *Fink v. Shedler*, 192 F.3d 911, 916-17 (9th Cir. 1999) (imprisonment delay accrual of cause of action for maximum of two years). The complaint was dismissed with leave to file an amended complaint in which Plaintiff alleged facts which would render his claims against Defendants timely.

       Plaintiff has filed an amended complaint that does not allege any facts that would render his claims untimely. He simply alleges that on two occasions in 1994 other inmates assaulted him,

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 5.)

that his requests to be protected from those inmates prior to the attacks were not granted by PBSP employees, and the medical care he received in 1994 following the incidents was not sufficient because Defendant Dr. Cooper did not timely remove his stitches.  Plaintiff has not cured the deficiencies in his original complaint because his amended complaint does not allege any facts that if true would render his claims timely.  Accordingly, the case is DISMISSED for failure to state a cognizable claim for relief because the facts alleged by Plaintiff show that his claims are barred by the statute of limitations.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: August 21, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge